IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RAMZI ADNAN KILANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-0462-CV-W-NKL |
| | ) | |
| MICHAEL B. MUKASEY, | ) | |
| Attorney General, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Ramzi Adnan Kilani, a citizen of Jordan, requests that this Court either naturalize him or compel Defendants Michael B. Mukasey, Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, Emilio T Gonzales, Director of the United States Citizenship and Immigration Services (USCIS), Michael Jaromin, Director of the Kansas City Office of USCIS, and Robert S. Mueller, III, Director of the Federal Bureau of Investigation, to immediately adjudicate his naturalization application. Kilani moves for summary judgment [Doc. # 14], while the Government moves to dismiss or, in the alternative, for summary judgment [Doc. # 20]. This Court now grants summary judgment for Plaintiff. The case is remanded to USCIS with instructions.

**I.    Facts**

1

On September 1, 2004, Kilani filed his Form N-400 Application for Naturalization with the USCIS Nebraska Service Center. He was interviewed on March 2, 2005, and successfully passed both the English language and the history and government tests. Despite the passing of over 35 months since Kilani's interview, USCIS has yet to adjudicate his application.

According to the Government, Kilani's application is awaiting the conclusion of the required security checks that ensure he is eligible for naturalization and does not pose a risk to public safety. As part of this process, the FBI must clear Kilani through the National Name Check Program. Since 2001, the FBI is working through a backlog of name checks that has resulted in significant delays in processing some requests. And although the FBI received the name check request for Kilani some time ago, it has not yet completed the check. Until the USCIS receives the results of the FBI's name check, it claims it is unable to proceed to a final adjudication on Kilani's immigration application.

**II.    Standard**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006) (citing *Gipson v. I.N.S.*, 284 F.3d 913, 916 (8th Cir.2002)). In the present case, the parties essentially agree to the material facts, making summary judgment appropriate. *See W.S.A., Inc. v. Liberty Mut. Ins. Co.*, 7 F.3d 788, 790-91 (8th Cir. 1993)

(citing *Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*, 959 F.2d 1438, 1440 (8th Cir. 1992)).

**III.    Discussion**

The Government contends this Court is without subject matter jurisdiction because the 120-day time limit provided for in 8 U.S.C. § 1447(b) is not triggered until the FBI completes its background checks. However, this Court has already held that jurisdiction is appropriate under § 1447(b). *See Patel v. Gonzales*, No. 07-0083, 2007 WL 2811470, at *2-*4 (W.D. Mo. Sept. 24, 2007); *see also Salah v. Gonzales*, No. 07-0144, 2007 WL 3094228, at *2-*3 (W.D. Mo. Oct. 19, 2007); *Ibrahim v. Gonzales*, No. 07-3099, 2007 WL 3072170, at *2-*4 (W.D. Mo. Oct. 18, 2007). Almost three years have passed since Kilani completed his interview and tests; the Government is clearly in violation of § 1447(b)'s 120-day timeframe.

Next, the Government requests that, in the event the Court finds it has jurisdiction, that the case be remanded to USCIS without instructions regarding the background check. *See Patel*, 2007 WL 2811470, at *4 (remanding to USCIS with instructions that application must be adjudicated within 60 days of receiving completed background check); *see also Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808-09 (E.D. Va. 2007) (finding itself ill equipped to conduct background checks and recognizing the agency's ability to interpret the results of such checks and follow up appropriately); *Daami v. Gonzales*, No. 05-3667, 2006 WL 1457862, at *6 (D.N.J. May 22, 2006) (finding court in same position as agency given the statutory prohibition on adjudicating the application

3

without a complete investigation). The Government's position is based entirely on its argument that background checks are necessary for national security, and that there is a tremendous backlog of checks that must be completed.

However, the Government has not provided any evidence to support this claim. First, the Government's briefing sometimes refers to an entirely different plaintiff, and the affidavits it attached in support are from a completely different case. In fact, the Court has noted before this very type of carelessness by the Government. *See Zhu v. Chertoff*, 525 F. Supp. 2d 1098, 1099 n.1 (W.D. Mo. 2007); *see also Qureshi v. Gonzales*, No. 07-0316, slip op. at 2 (W.D. Mo. Dec. 19, 2007) ("Defendants provide two affidavits in support of their motion, one from Michelle Perry and one from Michael Cannon. Neither of these affidavits contain any information relevant to plaintiff's pending Application. Neither affidavit establishes that the individual who executed the affidavit has personal knowledge of the information contained within the affidavit."). Thus, although the Government claims that the FBI has received the name check request for Kilani and that USCIS is unable to proceed to a final adjudication on his application until completion of the name checks, the affidavits do not actually refer to Kilani but instead refer to a completely different person. The government's affidavits, therefore, are not based upon personal knowledge and do not show that the affiants are competent to testify to the specific facts of this case. *See* Fed. R. Civ. P. 56(e); Local Rule 56.1. The Court strikes the Government's affidavits.

As this Court has previously explained, general national security concerns (not specifically related to the plaintiff) do not give the government the right to indefinitely delay Kilani's immigration application. *See Zhu*, 525 F. Supp. 2d at 1102; *see also Konchitsky v. Chertoff*, No. 07-0294, 2007 WL 2070325, at *5 (N.D. Cal. July 13, 2007) ("Although defendants assert that the delay results from 'increased national security issues and not agency inaction,' defendants have not shown how national security concerns are a reason for the delay in *plaintiff's* application."). Because the Government has not provided any support for why it has failed to comply with § 1447(b)'s requirements in this case, summary judgment is granted in favor of Kilani. Further, under the unique and individual circumstances presented here, the Court remands this matter to the USCIS with instructions to make a decision on Plaintiff's application within 30 days of receiving a completed background check from the FBI and that the FBI complete the name check process within 60 days this Order. *See Zhu*, 525 F. Supp. 2d at 1102; *Salah*, 2007 WL 3094228, at *4; *Ibrahim*, 2007 WL 3072170, at *8; *Alhamedi v. Gonzales*, No. 07-2541, 2007 WL 1573935, at * 4 (S.D.N.Y. May 30, 2007).

**IV.   Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff Ramzi Adnan Kilani's Motion for Summary Judgment [Doc. # 14] is GRANTED and the above-captioned case REMANDED to USCIS with the following instructions: (1) The FBI shall complete Kilani's background security check and report the results to the USCIS within 60 days of the date of this Order; and (2) the

USCIS shall complete its adjudication of Plaintiff's Form N-400 application within 30 days of receiving the FBI security check. Upon completion of the adjudication, the USCIS shall promptly file an affidavit demonstrating compliance. The Court retains jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order. It is further

ORDERED that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. # 20] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: February 21, 2008
Jefferson City, Missouri