IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAMZI ADNAN KILANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-0462-CV-W-NKL |
| ) | |
| MICHAEL B. MUKASEY, ) | |
| Attorney General, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff Kilani's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act [Doc. # 24]. Because Kilani has not met his initial burden for an award of attorney's fees, Kilani's motion is denied.

**I.  Factual Background**

On September 1, 2004, Kilani filed his Form N-400 Application for Naturalization with the USCIS Nebraska Service Center. He was interviewed on March 2, 2005, and successfully passed both the English language and the history and government tests. Nearly three years after Kilani's interview, USCIS had made no decision on his application.

Kilani inquired about his status multiple times, but was given no reason for the delay. On June 25, 2007, Kilani filed a motion to compel the government to adjudicate his naturalization application under 8 U.S.C. § 1447(b) with this Court. Kilani requested

1

a Court order adjudicating his naturalization application or remand to the USCIS requiring Defendants to immediately adjudicate his naturalization application.

The Government filed an answer generally denying Kilani's allegations and specifically denying that this Court had subject matter jurisdiction over Kilani's naturalization application. On November 12, 2007, Kilani filed a motion for summary judgment. In its response, the Government asked the Court to remand the matter to the USCIS with no specific time limit placed on the USCIS and the FBI to complete Kilani's background check and naturalization application. (Doc. 20). On February 21, 2008, the Court issued its written order and granted Kilani's motion and 1) ordered the FBI to complete Kilani's background check within 60 days; and 2) remanded the matter to the USCIS to adjudicate Kilani's application within 30 days of receiving the FBI's completed background check. The Court noted that the Government provided no evidence to support its claim as to Kilani's background check, referring at times to an entirely different plaintiff, and using affidavits from a completely different case. *Kilani v. Mukasey*, 2008 U.S. Dist. LEXIS 12946 (W.D. Mo. Feb. 21, 2008).[1]

Kilani now requests attorney's fees and costs in the amount of $ 9,060.00.

## II. Standard

---

[1] Since both parties insist on comparing the instant matter to this Court's decision in *Patel v. Gonzalez*, 2007 U.S. Dist. LEXIS 70801 (W.D. Mo. Sept. 24, 2007), the Court notes that 1) Patel had not waited as long as Kilani for adjudication of his naturalization application; 2) this Court retains jurisdiction over Patel's naturalization application; and, 3) the Government's behavior in that case was not careless to the extent noted here.

Kilani seeks an award of attorney's fees and costs of $ 9,060.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  "The EAJA provides that a prevailing party is entitled to an award of fees and expenses in any action brought by or against the United States 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'  28 U.S.C. § 2412(d)(1)(A)."  *U.S.S.E.C. v. Zahareas,* 374 F.3d 624, 626 (8th Cir. 2004).

In order to recover attorney's fees under the EAJA, Kilani must show that his net worth did not exceed $2,000,000 at the time he filed the action, and that he was the prevailing party in the action.  28 U.S.C. § 2412(d)(2)(B).  If Kilani meets his burden, the United States has the burden of showing that its position was substantially justified or that special circumstances render an award unjust.  *Huett v. Bowen,* 873 F.2d 1153, 1155 (8th Cir. 1989); *see also* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(B).

**III.   Discussion**

In this case, Kilani is a prevailing party under the EAJA.  "[T]o qualify as a 'prevailing party,' a plaintiff must obtain 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Liu v. Cherthoff,* 2008 U.S. Dist. LEXIS 20423 (D. Minn. Mar. 14, 2008) (citing *John T. v. Iowa Dep't. of Educ.,* 258 F.3d 860, 863-64 (8th Cir. 2001)).  "[A] plaintiff must secure a 'judicially sanctioned change in the legal relationship of the parties' to qualify as a prevailing party." *Id*. (citing *Cody v. Hillard,* 304 F.3d 767, 772 (8th Cir. 2002)).  "Any relief obtained must directly benefit

[the plaintiff] at the time of the judgment or settlement." *Drennan v. Pulaski County Special Sch. Dist.,* 458 F.3d 755, 757 (8th Cir. 2006).

Kilani is a prevailing party because the Court granted him the relief requested in his Petition. Kilani requested that the Court either adjudicate his naturalization application or remand his application to the USCIS for adjudication with instructions. The Court ordered remand to USCIS to adjudicate Kilani's naturalization application within a specific time frame, which was a position Kilani did advocate in his original complaint and in his motion for summary judgment. The Court's ruling altered Kilani's legal relationship with the Defendants by requiring the Defendants to adjudicate his application within a specific time frame. *See, e.g., Haidari v. Frazier,* Civil No. 06-3215 (DWF/AJB), slip op. at 8 (D. Minn. May 11, 2007) (holding petitioner who obtained court order remanding application to USCIS for adjudication within 30 days was prevailing party); *Aboushaban v. Mueller,* 475 F. Supp. 2d 943, 946 (N.D. Cal. 2007) (holding that plaintiff who obtained court order requiring USCIS to adjudicate plaintiff's application was prevailing party and gathering cases holding similarly).

Kilani, however, has not met his initial burden because there is no evidence as to Kilani's net worth. 28 U.S.C. § 2412(d)(2)(B); *U.S.S.E.C. v. Zahareas,* 374 F.3d 624, 626 (8th Cir. 2004). There is no evidence as to Kilani's net worth in the pleadings nor has he provided a sworn affidavit providing that his worth has not exceeded $2,000,000 from the time this case was filed through the present. *See Liu v. Cherthoff,* 2008 U.S. Dist. LEXIS 20423 (D. Minn. Mar. 14, 2008). Given that Kilani is a specialized

4

physician and may have significant resources, there is a reasonable probability that he may not be within the class of litigants for whom the EAJA was intended. Because Kilani has not met his initial burden, the Court need not analyze the substantial justification of the Government's case nor whether an award of attorney's fees would be unjust. *Huett v. Bowen,* 873 F.2d 1153, 1155 (8th Cir. 1989).

**IV.     Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff Ramzi Adnan Kilani's Motion for Attorney's Fees [Doc. # 24] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE:  May 6, 2008
Jefferson City, Missouri

5